1

2

3

4

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6

7    CLAY VINSON HAYNES,                      No.   4:21-CV-5058-TOR

8                         Petitioner,

9          v.                                 ORDER DISMISSING PETITION
                                              WITHOUT PREJUDICE
10   SCOTT SOUZA,

11                        Respondent.

12

13        By Order filed May 5, 2021, the Court directed Petitioner to show cause why

14   his *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 should not

15   be dismissed due to his failure to exhaust state court remedies and as a proper

16   exercise of abstention under *Younger v. Harris,* 401 U.S. 37 (1971).  ECF No. 5.

17   Petitioner submitted a timely response.  ECF No. 7.  On May 12, 2021, before filing

18   his Response to the Order to Show Cause, Petitioner filed a document that he claims

19   was submitted to the "Superior Court" on April 29, 2021.  ECF No. 6 (Supplement).

20   He claims the document was ignored and that the state's attorney passed on oral

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 1

argument. *Id*. at 1. Petitioner states he is awaiting a ruling and hopes the ruling will be expedited "to protect [his] 'right' to be free of 'double jeopardy.'" *Id*. Petitioner, a pretrial detainee at the Benton County Jail, is proceeding *pro se* and *in forma pauperis*.

## *YOUNGER* ABSTENTION

In its Order to Show Cause, the Court determined that *Younger* abstention applies to Petitioner's action and thus, the district court must not interfere with his ongoing state proceedings unless extraordinary circumstances exist, such as a threat of irreparable injury that is "both great and immediate." *Younger*, 401 U.S. at 46. Extraordinary circumstances may also include bad faith or harassment on the part of the state. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982).

Petitioner contends that *Younger* abstention should not be applied to this action. ECF No. 7 at 4. Throughout his Response, Petitioner provides citations to legal authorities and recitations of legal principles, but his factual allegations are sparse. He asserts that his speedy trial rights were violated "'[b]efore' the Covid-19 excuses by 24 months (on or about)." *Id*. at 2. Petitioner claims that his pretrial detention is "oppressive" and "is nothing more than 'punishment.'" *Id*. at 6. He claims that he "has been restricted to 'only snail mail'" and he references "[b]ad faith and harassment on the Superior Court part pg 7 at 9." *Id*. at 2, 5.

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 2

Petitioner does not identify any "extraordinary circumstances" that would warrant an exception to abstention. Although Petitioner asserts that he has had a lengthy pretrial detention and he offers conclusory assertions of bad faith and harassment by the state court, he does not present any facts to suggest that the prosecution on the four remaining criminal charges in Benton County case number 17-1-01323-8 is being done to harass him or is being pursued in bad faith without any hope of conviction. *Perez v. Ledesma,* 401 U.S. 82, 85 (1971). Accordingly, the Court concludes that *Younger* abstention is appropriate, as Petitioner has not asserted facts sufficient to show he is entitled to federal pretrial intervention.

## EXHAUSTION REQUIREMENT

In any event, Petitioner has failed to demonstrate that he has exhausted his state court remedies. Petitioner asserts that "the Superior Courts fail to entertain 'written' responses to motions (only oral)…" ECF No. 7 at 3. He notes that "Superior Court 'avoids' 'Habeas Corpus hearing' … and no written order even when provided so no appeal." *Id*. at 5. It is unclear what Petitioner is asserting.

As noted in the Order to Show Cause, Petitioner has presented no facts indicating that he has properly exhausted each of his claims for federal habeas relief through the state court system to the Washington State Supreme Court. Petitioner has offered no reason for his failure to first exhaust his claims in state court, and

neither the Petition itself nor Petitioner's Response to the Court's Order to Show Cause discloses any reason why the exhaustion requirement should be excused.

Accordingly, for the reasons set forth above and in the Court's prior Order, ECF No. 5, **IT IS HEREBY ORDERED** that the Petition, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

Petitioner's *in forma pauperis* status is **REVOKED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order, enter judgment, provide copies to Petitioner, and **close** the file.  The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability is therefore **DENIED.**

**DATED** May 19, 2021.



THOMAS O. RICE
United States District Judge

ORDER DISMISSING PETITION WITHOUT PREJUDICE -- 4